UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

JASEN YOUNG

CRIMINAL ACTION

NO. 13-48-JJB-EWD

## RULING

This matter is before the Court on three Motions. The first is a Notice of Eligibility/Motion to Vacate/Motion for Appointment of Counsel (Doc. 61), brought by the petitioner, Jasen Young ("Young"). The United States of America filed an opposition (Doc. 64) and the petitioner filed a reply brief (Doc. 65). The second is a Motion for Appointment of Counsel (Doc. 62). The third is a Supplemental Motion to Vacate under 28 U.S.C. § 2255 (Doc. 63). The United States of America did not file an opposition to the second and third motions. No hearing or oral arguments are required. For the reasons stated herein, the petitioner's Notice of Eligibility/Motion to Vacate/Motion for Appointment of Counsel (Doc. 61), Motion for Appointment of Counsel (Doc. 62), and Supplemental Motion to Vacate under 28 U.S.C. § 2255 (Doc. 63) are **DENIED**.

I. BACKGROUND

In April 2013, Young was indicted on three counts: (1) possession with the intent to distribute cocaine and more than 28 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count One); (2) possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Two); and (3) possessing firearms in furtherance of the drug trafficking crime described in Count One, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). *Indictment* 1–2, Doc. 1. Pursuant to a written plea agreement, Young pleaded guilty to all three counts. *See Plea Agreement* 1–6, Doc. 31. The factual basis supporting the plea established that a search of Young's residence led to the recovery of nearly 400 grams of cocaine, 370 grams of marijuana, more than 150 grams

1

of MDMA/ecstacy, a small amount of alprazolam, U.S. Currency, and two firearms, one of which had an obliterated serial number. *See Factual Basis* 1–2, Doc. 32.

Thereafter, Young was sentenced to serve 60 months each for both Counts One and Two, to run concurrently. *See J.* 3, Doc. 46. Pursuant to 18 U.S.C. § 924(c), the Court imposed a 60-month sentence on Count Three, and ordered that sentence to run consecutive to the others. *Id.* Thus, Young was sentenced to a total term of imprisonment of 120 months. *Id.* Thereafter, in June 2016, Young filed the instant motions.

**II.   DISCUSSION**

The Court will first address the petitioner's Motion for Appointment of Counsel (Doc. 62) before addressing the remaining two motions (Docs. 61 & 63) together.

The petitioner argues that he is entitled to counsel because the complexity of the issues requires counsel to be appointed to an indigent defendant pursuant to 18 U.SC. § 3006A. Generally, there is no constitutional entitlement to appointed counsel in post–conviction relief proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). However, under the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), a district court may appoint counsel for a § 2255 petitioner who is financially eligible if the court determines that "the interests of justice so require." *United States v. Davis*, 629 F. App'x 613, 619 (5th Cir. 2015) (unpublished). The decision whether to appoint counsel is within the discretion of the district court. *United States v. Garcia*, 689 F.3d 362, 363 (5th Cir.2012). Here, the court finds that, for the reasons discussed more fully below, the petitioner's claims are not complex and the interests of justice do not require appointing counsel.

In the petitioner's Motions to Vacate under 28 U.S.C. § 2255 (Docs 61 & 63), the petitioner argues that his conviction for possessing firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), was "unlawful." *See Def.'s Notice of Eligibility/Motion to Vacate/Motion for Appointment of Counsel* 1, Doc. 61. According to the petitioner, he was

2

sentenced under a "residual clause" of § 924(c), and the clause is "just as unconstitutionally vague" as the residual clause in § 924(e)(2)(B)(ii), which was overturned in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015).[1] *See id.* at 2.

The petitioner, however, was not convicted under a residual clause of § 924(c). Instead, for Count Three, because the petitioner was convicted of using and carrying a firearm in connection with a drug trafficking crime (in Count One), the Court imposed a consecutive 60-month sentence pursuant to 18 U.S.C. § 924(c). *See J.* 3, Doc. 46. The "drug trafficking crime" in the petitioner's case was his conviction for Count One, possession with the intent to distribute cocaine and 28 grams or more of crack cocaine, in violation of 21 U.S.C. § 841. In other words, the petitioner was sentenced under § 924(c)'s specifically enumerated "drug trafficking crime" provision, § 924(c)(2), *not* a "residual clause" found in § 924(c). Accordingly, *Johnson* does not provide this petitioner any relief.

### III. CONCLUSION

For the reasons stated above, the petitioner's Notice of Eligibility/Motion to Vacate/Motion for Appointment of Counsel (Doc. 61), Motion for Appointment of Counsel (Doc. 62), and Supplemental Motion to Vacate under 28 U.S.C. § 2255 (Doc. 63) are **DENIED**.

Signed in Baton Rouge, Louisiana, on August 10, 2016.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[1] In *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), the Supreme Court held that the residual clause in 18 U.S.C. § 924(e)(1) is unconstitutionally vague and, therefore, imposing an increased sentence under the residual clause "violates the Constitution's guarantee of due process." *Johnson*, however, did not address the definitions at issue in this case—namely, the definition of "serious drug offense" that appears in § 924(e)(2)(A) or the definition of "drug trafficking crime" that appears in § 924(c)(2).

3